```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARTIN DEKOM,

                    Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-4510(JS)(ARL)

APRILANNE AGOSTINO, JOHN DOE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Martin Dekom, pro se
                    34 High Street
                    Manhasset, New York 11030

For Defendants:     No appearances
```

SEYBERT, District Judge:

Pro se plaintiff Martin Dekom ("Plaintiff" or "Dekom") filed a Complaint in this Court on August 9, 2013 against Aprilanne Agostino, Clerk of the New York State Supreme Court, Appellate Division, Second Department ("Defendant") and an unidentified Second Department court clerk ("John Doe"), together with a request for an Order to Show Cause for the entry of a Temporary Restraining Order and a Preliminary Injunction. Plaintiff seeks to enjoin Defendant from: (1) charging any fees to Dekom for the filing of his case; (2) denying or disregarding any filing made by Dekom in his case; and (3) calendaring Dekom's actions in such a way as to prevent the vindication of his rights prior to the September 10, 2013 primary election. (See Proposed Order to Show Cause, Docket Entry 3.) District Judge Joseph F. Bianco denied the application for a Temporary Restraining Order on the record on August 9, 2013.

Plaintiff did not pay the filing fee to commence the instant action. Rather, accompanying Plaintiff's submission is a request to proceed in forma pauperis. (Docket Entry 2.) For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED FOR THE LIMITED PURPOSE OF THIS ORDER[1] and the Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to CLOSE this case.

BACKGROUND

Plaintiff is no stranger to this Court. Since March 2012 Plaintiff has filed three actions seeking to challenge New York State Election Law and procedures relating thereto. See Dekom, et al. v. New York, et al., No. 12-CV-1318(JS)(ARL) and Dekom, et al. v. Nassau County, et al., No. 12-CV-3473(JS)(ARL).[2] The instant action, though not a model of clarity, appears to allege pursuant

---

[1] Given the dismissal of the Complaint the Court need not address the substance of the in forma pauperis application and, in its discretion, grants the application for the limited purpose of this Order without requiring Plaintiff to complete the long form in forma pauperis application. The Court makes no finding at this juncture whether Plaintiff's claim of poverty as set forth in his application sufficiently demonstrates an inability to pay this Court's filing fee particularly in light of the fact that Plaintiff paid a $455 filing fee on July 15, 2013 to pursue an appeal in Dekom, et al. v. New York, et al., No. 12-CV-1318(JS)(ARL).

[2] Plaintiff's first action was dismissed for failure to state a claim and judgment was entered on June 19, 2013. (See 12-CV-1318, Docket Entries 66-67.) Plaintiff filed a Notice of Appeal of that Judgment and paid the $455 filing fee to do so on July 15, 2013. (See 12-CV-1318, Docket Entry 69.) The Defendants in the second action have moved to dismiss and that fully-briefed motion is sub judice.

2

to 42 U.S.C. §§ 1983 and 1985 that Plaintiff's First and Fourteenth Amendment rights have been violated by Defendant and that Defendant and John Doe conspired to do so. More specifically, Plaintiff contends that his right to run for office and the right to vote are being compromised and that Defendant is denying him equal protection based on wealth. (Compl. at 2.) Plaintiff describes that he executed a designating petition to be a candidate in the September 10, 2013 primary and, in accordance with New York State Law, filed a proceeding in the Supreme Court of the State of New York, Nassau County, seeking to validate his petition as well as to invalidate those of his opponents and others. Dekom v. Trani, Index No. 009019/2013, New York Supreme Court, Nassau County. Plaintiff describes that "[o]n July 25th, 2013, the Court threw out Dekom's suit because the paragraphs were not numbered." (Compl. at 2.) Accordingly, on August 7, 2013, Plaintiff filed a request for an Order to Show Cause with the Appellate Division, Second Department, seeking to reverse the Supreme Court's dismissal of his case. (Id.) In accordance with N.Y. C.P.L.R. 1101, Plaintiff also filed a motion for permission to proceed as a poor person. (Id.)

According to Plaintiff, upon filing his appeal, Defendant "described problems with the proposed Order to Show Cause, and encouraged Dekom to serve his appeal so it could be heard on Tuesday, August 13th." (Id. at 3.) Plaintiff advised Defendant that he wanted to pursue the Order to Show Cause and Defendant

3

"explained that Dekom's application for poor person relief only waived the motion fee, not the filing fee of $315." (Id.) Another court clerk then assisted with the processing of Dekom's paperwork and two index numbers were stamped on Dekom's documents, 2013-07915 and 2013-07917. The Proposed Order to Show Cause was then stamped "fee exempt" and was signed by Hon. L. Priscilla Hall, Associate Justice, Appellate Division, Second Department, and returned to Dekom with a return date of August 15, 2013. (See Compl. Ex. B.) The Respondents were ordered to show cause why an order should not be entered, <u>inter</u> <u>alia</u>, validating certain designating petitions, denying objections to certain others, invaliding other designating petitions, enjoining certain respondents from meeting or deliberating or conducting any business not in accordance with the Open Meetings Law, and "granting other relief as may be just, including <u>poor</u> <u>person</u> <u>relief</u>, . . . ." Id. (emphasis added).

Plaintiff next describes that he served the Defendant in this action and the Respondents in the State Court case with the State Court's Order to Show Cause and supporting papers and included a statement that although "the return date on the Poor Person Motion had been changed, that it was moot because his case was 'fee exempt'." (Compl. at 4.) In response, Defendant is alleged to have advised Dekom that the fee was still due and, given Dekom's representation that he was not going to pay the fee, Defendant advised the other parties to disregard Dekom's brief.

4

(Id. at 5.)  The instant action followed.

DISCUSSION

I. Preliminary Injunction Application

In order to justify a preliminary injunction, a movant must demonstrate: "1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor, and 3) that the public's interest weighs in favor of granting an injunction." Metro. Taxicab Bd. of Trade v. City of N.Y., 615 F.3d 152, 156 (2d Cir. 2010) (internal quotation marks and citation ommitted).  Where, as in the present case, the movant seeks preliminary injunctive relief "that will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." Cnty. of Nassau, N.Y. v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008).

A. Likelihood of Success on the Merits

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must show that: (1) the challenged action occurred "under color of state law" and (2) the action deprived Plaintiff of a constitutional right. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  In the present case, the Defendant is the Clerk of the Court of the Supreme Court, Appellate Division,

5

Second Department, and is sued in that capacity arising from actions allegedly undertaken while processing Plaintiff's paperwork. Thus, the Defendant was acting under color of law. The second issue is whether Plaintiff has alleged a constitutional deprivation. Affording the pro se Complaint a liberal construction, the Court reads his allegations to assert a claim for denial of access to the courts under the First Amendment and a due process claim under the Fourteenth Amendment. Plaintiff also claims that Defendant conspired with an unidentified court clerk to deprive him of these constitutional rights. The Court will now address Plaintiff's likelihood of success on the merits on each of his claims individually.

    1.    Access to the Courts Claim

"'The constitutional right of access [to the courts] is violated where government officials obstruct legitimate efforts to seek judicial redress.'" City of N.Y. v. Beretta U.S.A. Corp., 524 F.3d 384, 397 (2d Cir. 2008) (quoting Whalen v. Cnty of Fulton, 126 F.3d 400, 406-07 (2d Cir. 1997)). An access to court claim requires that a plaintiff demonstrate "actual injury" by proving that the denial of access "hindered his efforts" to pursue a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Here, even assuming that Defendant insisted that Dekom remit a filing fee, he has not suffered any injury given that his application for "poor

person relief" is sub judice at the Appellate Division, Second Department, and is scheduled to be heard on August 15, 2013. (See Compl. Ex. B, at 2-3.) And, any claim that his efforts to pursue his legal claims in state court have been "hindered" by Defendant's conduct is clearly belied by the fact that the very action he seeks to challenge in this Court has been calendared for August 15, 2013 in the state court. Thus, Plaintiff's allegations do not plausibly suggest that Defendant has "hindered his efforts" to pursue a non-frivolous legal claim and success on this claim is therefore unlikely.

    2. <u>Due Process Claim</u>

The same conclusion is easily reached with respect to Plaintiff's due process claim for damages and injunctive relief. "[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy." <u>Hellenic Am. Neighborhood Action Comm. v. City of N.Y.</u>, 101 F.3d 877, 880 (2d Cir. 1996) (citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S. Ct. 3194, 820 L. Ed. 2d 393 (1984)). It is well-established that an Article 78 proceeding "is adequate for due process purposes even though the [litigant] may not be able to recover the same relief that he could in a § 1983 suit." <u>Id.</u> at 881. Here, Plaintiff does not allege that he has availed himself of state remedies via an Article 78 proceeding. As

a result, Plaintiff cannot demonstrate that Defendant violated his due process rights by charging him the applicable court filing fees. Id. at 882 (emphasizing that "there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty"). Thus, there is no likelihood of success on Plaintiff's due process claim.

3. Conspiracy Claim

Plaintiff also appears to assert a Section 1985 conspiracy claim against Defendant and John Doe. The Court, however, finds that Plaintiff's claim is barred by the intra-corporate conspiracy doctrine which "posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." Daniel v. Long Island Hous. P'ship, Inc., No. 08-CV-1455, 2009 WL 702209, at *9 (E.D.N.Y. Mar. 13, 2009) (citations omitted); see also Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("[T]here is no conspiracy [under Section 1985] if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own . . . officers[] and employees, each acting within the scope of his employment."); Rini v. Zwirn, 886 F. Supp. 270, 292 (E.D.N.Y. 1995) ("Intracorporate immunity has also been extended to the context of conspiracies between a public entity and

its employees."). Accordingly, there is no likelihood of success on Plaintiff's conspiracy claim.

III. <u>Irreparable Harm</u>

Even assuming that there was a likelihood of success on any of Plaintiff's claims, which clearly there is not for the reasons set forth above, Plaintiff has not--and cannot--demonstrate that he will suffer irreparable harm absent injunctive relief. "To satisfy the irreparable harm requirement, Plaintiff[] must demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." <u>Grand River Enter. Six Nations, Ltd. v. Pryor</u>, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citation omitted). Given that Plaintiff's application for "poor person relief" is <u>sub</u> <u>judice</u> at the Appellate Division, Second Department, and is calendared for August 15, 2013, his claim of irreparable harm in this Court is premature, at best. Once the Appellate Division, Second Department, determines Plaintiff's application, he will be in a position to assess whether relief in this Court is available.[3] However, at this juncture, any claim of irreparable harm is purely speculative.

---

[3] Plaintiff is cautioned that immunity and abstention principles may divest this Court of subject matter jurisdiction. Given the dismissal of the Complaint for the reasons set forth above the Court need not address these issues at this juncture.

9

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED FOR THE LIMITED PURPOSE OF THIS ORDER and his application for a Preliminary Injunction is DENIED. Given that Plaintiff's Complaint fails to allege a plausible claim for relief, it is <u>sua sponte</u> DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of the Court is directed to CLOSE this case.

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August __13__, 2013
       Central Islip, New York